

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2009

# In Re: I Re: Kevin Woodruff

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1064

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: I Re: Kevin Woodruff " (2009). *2009 Decisions*. Paper 1691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1064
_____

IN RE: KEVIN PAUL WOODRUFF,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil No. 3:06-cv-02310)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 30, 2009
Before:  SCIRICA, <u>Chief Judge</u>, WEIS and GARTH, <u>Circuit</u> <u>Judges</u>
(Opinion filed March 25, 2009)

_____

OPINION
_____

PER CURIAM.

In December 2006, Petitioner Kevin Woodruff, a federal prisoner who, at

the time, was incarcerated at USP-Lewisburg in Pennsylvania,[1] petitioned the District

Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In January 2009,

_____

[1]  Woodruff has since been relocated on multiple occasions, and currently is
incarcerated at USP-Big Sandy in Kentucky.

1

Woodruff petitioned this Court for a writ of mandamus, requesting an order compelling either the Respondent to answer Woodruff's June 2008 motion to supplement his habeas petition or the District Court to act upon his habeas petition.[2] On March 12, 2009, the District Court denied Woodruff's habeas petition. Given that Woodruff has now received one of the alternative forms of relief he seeks in his mandamus petition – a ruling on his habeas petition – we will deny his mandamus petition as moot.

---

[2] Woodruff's petition also seeks either a declaratory judgment or preliminary injunction prohibiting the enforcement of 18 U.S.C. § 4081, which he claims was enacted by less than a quorum of Congress and is therefore unconstitutional. Woodruff has not established that this claim warrants mandamus relief. See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) ("The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." (citations and internal quotation marks omitted)).